# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **T.M.**

**No. 16-0862** (Marion County 16-JA-39)

**FILED**

**June 9, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father J.M., by counsel Michelle L. Minutelli, appeals the Circuit Court of Marion County's August 19, 2016, order terminating his parental rights to then three-year-old T.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Terri L. Tichenor, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights based on his incarceration when a less-restrictive dispositional alternative was available and appropriate.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2016, the DHHR filed an abuse and neglect petition against the child's mother for substance abuse and petitioner for abandonment due to his prolonged incarceration. The DHHR noted that petitioner's address at the time of the petition's filing was North Central Regional Jail. In May of 2016, the circuit court held an adjudicatory hearing. Petitioner remained incarcerated at that time. At that hearing, the DHHR presented testimony by a police officer and a Child Protective Services ("CPS") worker that petitioner was incarcerated and unable to assume the care, custody, or control of the child.

In June of 2016, the circuit court held a dispositional hearing. Petitioner remained incarcerated at that time. A CPS worker testified that petitioner remained incarcerated with a projected discharge date of March of 2018. The CPS worker acknowledged that petitioner was parole eligible beginning in August of 2016. The CPS worker further indicated that the child's mother previously lost her parental rights to the child, and, thus, the child's best interests

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

necessitated adoption by the paternal grandmother. According to the CPS worker, the child could not be adopted if petitioner were granted a disposition other than termination of parental rights. The CPS worker stated that there was no guarantee that petitioner would be released on parole in August of 2016. At the conclusion of the hearing, by order entered on August 19, 2016, the circuit court terminated petitioner's parental rights to the child. In that order, the circuit court found that the least-restrictive dispositional alternative was termination, in light of the child's best interests and petitioner's inability to care for the child due to his incarceration.[2] This appeal followed.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating his parental rights based on his incarceration when a less-restrictive dispositional alternative, specifically a legal guardianship, existed. We disagree. This Court has explained that incarceration may form the basis for a termination of parental rights. *Cecil T.*, 228 W.Va. at 96, 717 S.E.2d at 880. In *Cecil T.*, we explained that

> When no factors and circumstances other than incarceration are raised at a disposition hearing in a child abuse and neglect proceeding with regard to a parent's ability to remedy the condition of abuse and neglect in the near future, the circuit court shall evaluate whether the best interests of a child are served by terminating the rights of the biological parent in light of the evidence before it. This would necessarily include but not be limited to consideration of the nature of the offense for which the parent is incarcerated, the terms of the confinement, and

---

[2]The parental rights of both parents were terminated below. According to the guardian, the child was initially placed with a grandparent, but due to concerns with the grandparent's caretaking, the child currently resides in foster care with a permanency plan of adoption by foster parents.

the length of the incarceration in light of the abused or neglected child's best interests and paramount need for permanency, security, stability and continuity.

228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 3.

Further, West Virginia Code § 49-4-604(6) provides that circuit courts are directed to terminate parental rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. We have also held that "[t]ermination . . . may be employed without the use of intervening less[-]restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." *In re Katie S.*, 198 W.Va. at 79, 479 S.E.2d at 589, syl. pt. 7, in part.

In this case, the CPS worker testified at the dispositional hearing that petitioner could not provide the child with the care, custody, and control required while he was incarcerated. Further, the testimony indicated that there was no guarantee that petitioner would be released from his incarceration for years from the date of the dispositional hearing, notwithstanding the parole eligibility date. Therefore, we find no error in the circuit court's finding that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future. Notably, the circuit court also found that no dispositional alternative short of termination could meet the child's best interests. As such, we find that the circuit court did not err in terminating petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 19, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: June 9, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3